E. ROCHEREAU et al *v.* JAMES HARVEY et al.

*A tableau of distribution, by its very name, implies a control over the fund to be distributed.*

APPEAL from the Fourth District Court of New Orleans, *Hiestand,* J. *E. W. Huntington,* for defendant and appellant.

*J. Magne, for plaintiffs.*—Judgment was rendered in favor of plaintiffs, and the defendant, Moulton, has appealed.

The defence is so clearly untenable, that the appeal must be considered as taken for delay.

I. The petition of the syndic, Harvey, on filing his final tableau, on the 21st of March, 1863, " prays that public notice be given to all parties interested, and the same (the final tableau) be homologated and the funds distributed according to law."

Now, is it not a bar to the defence set up in this present suit, after having filed his final tableau, and prayed that the funds set forth therein be distributed in accordance therewith, can be permitted to say that he had no funds to distribute ? clearly not, inasmuch as there is no principle of law better established than this one: that no one can be permitted to contradict what he has alleged in a judicial proceeding. *Denton* v. *Erwin,* 5 An. p. 18; 4 An. 416; 2 An. 269; 1 Greenleaf on Evidence, Nos. 23, 24, 204; 1 Hen. pp. 518, 519, and S.

The duties and responsibilities of syndics are well known. They must deposit in bank the money received, and distribute it as soon as possible, under heavy penalties. Rev. Statutes, pp. 2, 3.

" Syndics are required by law to deposit funds received by them in some solvent bank, and to file a tableau and distribute the money as soon as practicable; and where they wilfully delay to do so, and the funds depreciate or are lost by their neglect, or by any want of prudent foresight, they will be responsible for the loss sustained thereby." *DeGruy* v. *Creditors,* 9 Rob. 458 and 463.

ILSLEY, J. The plaintiffs, E. Rochereau, and William T. Hepps, sue James Harvey, syndic of the insolvent Samuel Sides and Alfred Moulton, the surety on his bond, to recover from them in solido for the former, the

sum of eleven hundred and sixty dollars, with interest thereon, at the rate of five per cent. per annum, from the 23d March, 1863, till paid, and for the latter, the sum of one thousand dollars, with interest at the rate of eight per cent. per annum till paid, from the 23d April, 1861, and all costs.

There was judgment in the lower Court in favor of the plaintiffs, for the amount of their respective claims as prayed for, but against Alfred Moulton alone, and he is prosecuting this appeal.

The amount and validity of the plaintiffs' separate claims, as stated on the homologated tableau, are not contested; but it is contended by the surety, Moulton, that the fund out of which they should be paid, was never paid over to the syndic by the Sheriff of New Orleans, who sold the property and received the price therefor.

Among the cash assets of the insolvent estate, which the syndic proposes to distribute, is the sum of five thousand three hundred and thirty dollars, proceeds of the real estate sold "in the hands of John Walden, late Sheriff." There is also another sum of nine hundred and fifty-one dollars, the proceeds of the sale of the grocery store. The claim of Rochereau figures on the syndic's tableau, as a special privilege, to be paid out of the grocery store, and that of Hepp was secured by mortgage on the property sold by the Sheriff.

It was incumbent on the syndic to realize the proceeds of the property surrendered by the insolvent; at all events previous to filing in Court a tableau of distribution, and causing it to be homologated; for, a tableau of distribution, by its very name, implies a control over the fund to be distributed. *Succession of Wilson*, 12 An. 501.

His account was filed on the 21st February, 1863, and it was only on the 15th August following, nearly two months after it was homologated, that he instituted proceedings to recover the fund from the Sheriff; which were never presented to judgment.

We think that the syndic and his surety are legally bound to satisfy the plaintiffs' claims. Rochereau's privilege only extended over the fund derived from the grocery store, $951 31, the difference between that sum and $1,160 was a mere ordinary claim for which the tableau made no provision, and it would not be just to saddle the syndic or his security with that excess. Hepp's claim was provided for by the proceeds of the hypothecated property, and must be paid in full.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be so amended as to condemn the defendant, Alfred Moulton, to pay to Rochereau only the sum of nine hundred and fifty-one dollars and thirty-one cents, with interest thereon, as stated in the judgment, with special privilege on the proceeds of the sale of the grocery store; (instead of the sum of eleven hundred and sixty dollars and interest) and otherwise, that the judgment of the Court below be affirmed at the costs of F. Rochereau, the appellee.